UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELIZABET JEREZ, WANDA ADORNO,
and RONALD HUND, on behalf of
themselves and all others similarly
situated,

    Plaintiffs,

vs.

SURFSIDE COFFEE COMPANY LLC,
a foreign limited liability company,
and CHRISTOPHER MELLGREN,
individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, ELIZABET JEREZ, WANDA ADORNO and RONALD HUND ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, sue the Defendants, SURFSIDE COFFEE COMPANY LLC, a foreign limited liability company, and CHRISTOPHER MELLGREN, individually, and for their cause of action, declare and aver as follows:

1. Plaintiffs bring this action on behalf of themselves and all others similarly situated to recover from the Defendants unpaid overtime compensation, liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq.*, and specifically under 29 U.S.C. § 216(b).

2. Plaintiffs, Jerez and Adorno, are citizens and residents of Miami-Dade County, Florida, and within the jurisdiction of this Court. Plaintiff, Hund, is a citizen and resident of Broward County, Florida, and within the jurisdiction of this Court.

3. Defendant, SURFSIDE COFFEE COMPANY LLC ("SURFSIDE"), is a foreign limited

liability company, doing business in Florida, and within the jurisdiction of this Court. SURFSIDE is the largest Dunkin' Donuts franchise network in Florida, operating approximately sixty-nine (69) retail store units in and around Fort Myers, Fort Lauderdale, Miami and the Florida Keys.

4. Defendant, MELLGREN, owns, operates and manages SURFSIDE and all of the retail store units. MELLGREN is active in the day to day management of all aspects of the business enterprise, which is made up of a network of Florida limited liability companies.[1] All of the various geographical locations are centrally operated and controlled through the corporate and individual Defendants.

5. Defendants are joint employers of the Plaintiffs, as well as all others similarly situated, inasmuch as each of the Defendants are employers within the meaning of the FLSA and all of the Defendants share or co-determine those matters governing the essential terms and conditions of employment. Defendants all possessed sufficient control over the terms and conditions of Plaintiffs', as well as all others similarly situated, employment, directly and/or indirectly, and/or reserved the authority to do so.

6. At all times material hereto, Plaintiffs were jointly employed by the Defendants.

7. Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former retail store-level managerial employees (store managers) of Defendants, located at any of Defendants' Dunkin' Donuts retail store units throughout Florida, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "the FLSA").

8. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

---

[1] Upon information and belief, each retail store unit is set up as a separate Florida limited liability company. To the extent necessary, plaintiffs will determine through discovery the names of the relevant units and amend this complaint to join those entities as parties-defendant.

9. At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

10. At all times material hereto, during their employment with Defendants, Plaintiffs were, and continue to be, engaged in interstate commerce.

11. The additional persons who may become Plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former retail store unit store managers of Defendants located at any of its Dunkin' Donuts retail store units throughout Florida, who are or were subject to the payroll practices and procedures described in the paragraphs below.

12. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former "store manager" titled employees located at any of Defendants' Dunkin' Donuts retail store units throughout Florida, while employed by Defendants under the title and auspices of "store managers", and classified as exempt for purposes of overtime compensation eligibility, performed hours of service for Defendants in excess of forty (40) during one or more workweeks, for which they failed to properly receive additional overtime premiums.

13. In fact, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are and were inappropriately and improperly classified as exempt employees, inasmuch as at no time material hereto did they have management as their primary duty.

14. Rather, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, customarily and regularly performed non-exempt work; that is, Plaintiffs' primary duty consisted of waiting on customers, making various coffee drinks, serving the customers coffee and donuts, ringing up the sales and the like. Indeed, these

same duties are performed by other employees in the stores who in fact are classified as non-exempt employees and paid on an hourly basis, as opposed to Plaintiffs, and those current and former employees similarly situated to Plaintiffs, who are paid on a salary basis.

15. Further, the management duties of Plaintiffs, and those current and former employees similarly situated to Plaintiffs, is relatively unimportant in comparison to the non-exempt duties performed by Plaintiffs, and those current and former employees similarly situated to Plaintiffs.

16. Still further, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, rarely exercise true discretionary powers in connection with matters of significance.

17. Moreover, Plaintiffs, and those current and former employees similarly situated to Plaintiffs, are not relatively free from supervision in connection with matters of significance, such as human resource type issues, scheduling, hiring, firing, promoting, demoting, etc.

18. Finally, Plaintiffs', and those current and former employees similarly situated to Plaintiffs, rate of pay is is substantially similar to non-exempt employees in the retail store units, particularly when taking into account the weekly hours worked by Plaintiffs.

19. In the course of their employment with the Defendants, Plaintiffs, and other current and former employees similarly situated to them, worked the number of hours required of them, most of the time in excess of forty (40), but were not paid overtime.

20. The pay practices of the Defendants, as described in the above paragraphs, violated the FLSA by failing to pay overtime to Plaintiffs, and those other current and former employees similarly situated to Plaintiffs, for those hours worked in excess of forty (40).

21. During the three (3) years preceding the filing of this lawsuit, Defendants have (1) employed and continues to employ individuals similarly situated to Plaintiffs (*i.e.* store managers) throughout Florida; (2) classified and continue to classify these employees as exempt for purposes of overtime compensation eligibility; and (3) suffered or permitted to be suffered, with knowledge, hours of service by these employees in excess of forty (40) during one or more workweeks, for which Defendants failed to pay additional overtime premiums.  Each improperly classified (and therefore improperly paid) employee who performed and/or continues to perform services for Defendants, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

22. Plaintiffs have spoken with additional individuals similarly situated to them (i.e. store managers), who have indicated that they are interested in becoming opt-in plaintiffs in this lawsuit.  However, these same individuals have expressed concern over losing their jobs in retaliation for joining the lawsuit.  The Court's imprimatur is therefore warranted, in terms of providing notice to all current and former similarly situated employees, throughout Florida, and for the last three (3) years, of their right to consent to join this action.

## COUNT I - RECOVERY OF UNPAID OVERTIME

23. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 22 above as if fully set forth herein.

24. Plaintiffs are entitled to be paid an overtime premium for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement.  All similarly situated employees are similarly owed

an overtime premium, calculated properly, for those overtime hours they worked and for which they were not properly paid.

25. By reason of the willful and unlawful acts of the Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

26. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, ELIZABET JEREZ, WANDA ADORNO and RONALD HUND, and those similarly situated to them, who have or will opt-in to this action, demand judgment against Defendants for the wages and overtime payments due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated:  August 4, 2017                   Respectfully submitted,

                                             PADULA BENNARDO LEVINE LLP
                                             Attorneys for Plaintiffs
                                             3837 NW Boca Raton Blvd., Suite 200
                                             Boca Raton, FL  33431
                                             Telephone:   (561) 544-8900
                                             Facsimile:    (561) 544-8999

                                             By:     *s/Daniel R. Levine*
                                                       DANIEL R. LEVINE, ESQ.
                                                       Fla. Bar No. 0057861
                                                       E-Mail:  DRL@PBL-Law