UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:17-cv-22969-KMM (Moore / McAliley)

ELIZABET JEREZ, WANDA ADORNO,
and RONALD HUND, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

vs.

SURFSIDE COFFEE COMPANY LLC,
a foreign limited liability company, and
CHRISTOPHER MELLGREN, individually,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT, TO ORDER DEFENDANTS
TO SHOW CAUSE WHY SETTLEMENT AGREEMENT SHOULD NOT BE FILED
WITH THIS COURT, FOR APPROVAL OF SETTLEMENT AGREEMENT, AND FOR
IMPOSITION OF SANCTIONS AGAINST DEFENDANTS AND THEIR COUNSEL
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs, by and through undersigned counsel, hereby file their motion to enforce settlement, to order defendants to show cause why settlement agreement should not be filed with this court, for approval of settlement agreement, and for imposition of sanctions against defendants and their counsel and incorporated memorandum of law, and as grounds therefor state as follows:

    1.    On January 5, 2018, the parties attended a settlement conference in this matter, presided over by Magistrate Judge McAliley.

    2.    The parties were not able to reach an agreement by the conclusion of the settlement conference, prompting the filing of Magistrate Judge McAliley's paperless minute entry, indicating an impasse. *See* DE 42.

    3.    Subsequently, the parties reached a settlement as to all material terms and conditions,

including, most importantly, the amount of the settlement and the payment date by which the defendants had to pay and deliver the settlement funds.

4.	In fact, on Monday of this week, January 29, 2018, defendants' counsel forwarded to plaintiffs' counsel a draft settlement agreement, memorializing the material terms and conditions to which the parties agreed, and requested that plaintiffs' counsel advise if he had any "proposed edits" to the draft.

5.	Plaintiffs' counsel had no edits to the draft, such that the only thing left to do was to have the parties sign the draft and inform the Court of the settlement, as per DE 4, ¶ 6, which directs counsel to inform the Court within three (3) days by calling chambers if the case is settled.

6.	However, on Tuesday evening, at 8:51 pm, defendants' counsel emailed plaintiffs' counsel and advised as follows:

> My client has been sued by a known acquaintance of Jerez under the same theory.
> My client withdraws its willingness to settle and will not be signing the agreement.

7.	In response, plaintiffs' counsel emailed defendants' counsel and advised that the parties have an enforceable agreement and further advised that none of the plaintiffs had anything to do with the apparent fact that defendants were sued again by a "known acquaintance of Jerez". Quite frankly, it is not particularly surprising that defendants were sued again under the same theory as at issue in this case, as plaintiffs previously had filed a motion to notify and proceed collectively. *See* DE 17. But in any event, the other case that apparently has been filed was filed by a different plaintiff and different plaintiff's counsel and has nothing to do with this case. Moreover, as this Court is aware, FLSA settlements typically are a matter of public record in any event.

8.      Notwithstanding, defendants' counsel has indicated that it is the defendants' position that they will not follow through with the parties' settlement.  Moreover, defendants' counsel maintains that there were "material terms left to discuss" and "it appears one of [the plaintiffs] already breached confidentiality."  Significantly, and to reiterate, ***defendants' counsel*** provided plaintiffs' counsel with the draft agreement on Monday of this week.  Plaintiffs' counsel advised that he had no edits whatsoever to the draft agreement.  Moreover, all three (3) plaintiffs have executed the draft agreement ***provided by defendants' counsel***.  Query how defendants' counsel now can maintain in candor towards this tribunal (let alone with a straight face) that there are still "material terms left to discuss".  Further, there is absolutely no proof whatsoever that any of the plaintiffs breached any confidentiality.  Still further, it is certainly not clear that this Court would even approve of confidentiality.  *See* DE 04, ¶ 3 ("If the Parties wish to file the settlement agreement as a sealed document, they must file a Motion to Seal that provides compelling reasons for the Court to allow them to do so.  *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("If a settlement agreement is filed with the court for approval or interpretation, then the parties must demonstrate extraordinary circumstances in order to deny the public access to the agreement."); *see also Hanson v. Wells Fargo Bank, N.A.*, No. 08-80182-CIV, 2009 WL 1490582, at *1 (S.D. Fla. May 26, 2009) ("'[A] business's general interest in keeping its legal proceedings private does not overcome the presumption of openness' in FLSA cases.") (citing *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003)).

WHEREFORE, plaintiffs respectfully request that this Court enforce the parties' settlement, order defendants to show cause why the settlement agreement, ***drafted by defendants' counsel and signed by all three (3) plaintiffs*** should not be filed with this Court, approve of the parties'

settlement, and impose sanctions against defendants and their counsel based on the circumstances described herein.

Dated: February 1, 2018    Respectfully submitted,

                                                        PADULA BENNARDO LEVINE LLP
Attorneys for Plaintiffs
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL  33431
Telephone:    (561) 544-8900
Facsimile:    (561) 544-8999

By:    *s/Daniel R. Levine*
      DANIEL R. LEVINE, ESQ.
      Fla. Bar No. 0057861
      E-Mail:  DRL@PBL-Law

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Elizabet Jerez, et al. v. Surfside Coffee Company, LLC*
Case No.   1:17-cv-22969-KMM  (Moore / McAliley)
United States District Court, Southern District of Florida

| | |
|---|---|
| Daniel R. Levine, Esquire<br>E-Mail:  DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:    (561) 544-8900<br>Facsimile:    (561) 544-8999<br>Counsel for Plaintiffs<br>*Via CM/ECF* | John C. German, Esquire<br>E-Mail:  cody.german@csklegal.com<br>Cole, Scott & Kissane P.A.<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, FL  33156<br>Telephone:    (305) 350-5300<br>Facsimile:    (305) 373-2294<br>Counsel for Defendants<br>*Via CM/ECF* |
| | Rebecca R. Anguiano, Esquire<br>E-Mail:  rebecca.anguiano@csklegal.com<br>Cole, Scott & Kissane P.A.<br>9150 S. Dadeland Blvd., Suite 1400<br>Miami, FL  33156<br>Telephone:    (305) 350-5300<br>Facsimile:    (305) 373-2294<br>Counsel for Defendants<br>*Via CM/ECF* |