UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-cv-22969-KMM

ELIZABET JEREZ, WANDA ADORNO and
RONALD HUND,

    Plaintiff,

v.

SURFSIDE COFFEE COMPANY, LLC and
CHRISTOPHER MELLGREN,

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE

Defendants, SURFSIDE COFFEE COMPANY, LLC & CHRISTOPHER MELLGREN, and Plaintiffs, ELIZABET JEREZ, WANDA ADORNO and RONALD HUND, hereby notify the Court that the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice. As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

### FACTUAL BACKGROUND

1. Plaintiffs filed their Complaint on or about August 4, 2017, in the Southern District of Florida.

2. On November 7, 2017, Defendant filed its Amended Answers and Affirmative Defenses to the Complaint.

3. Counsel for the parties have engaged in settlement discussions regarding Plaintiffs' claims and participated in a court-ordered mediation with the Magistrate Judge.

4. The parties also exchanged documents and information regarding Plaintiffs' claims

and Defendants' defenses through the statement of claim and Defendants' response thereto.

5. The Defendants filed an Opposition to the Plaintiffs' Motion for Preliminary Certification of the Collective Action.

6. After negotiations, the parties ultimately reached a resolution of all claims.

7. Despite agreeing to resolve Plaintiffs' claims in this case, Defendants continue to deny that Plaintiffs are entitled to additional wages under Fair Labor Standards Act ("FLSA"). Notwithstanding the factual and legal defenses that Defendants believed are applicable in this matter, Defendants determined that it preferred to amicably conclude the instant litigation, taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendants took into account the inherent uncertainty and risks inherent in any litigation.

8. Plaintiffs determined that they preferred to amicably resolve the matter as opposed to engaging in substantial litigation involving complex matters and risks.

9. The parties jointly submit to the Court that there has been sufficient investigations and exchange of information to allow counsel for Plaintiffs and Defendants to evaluate the parties claims and defenses and make recommendations regarding the resolution of this matter.

10. After learning of the parties' settlement, the Court issued the following paperless notice of court practice upon notice of settlement found at docket entry 53:

> PAPERLESS NOTICE OF COURT PRACTICE UPON NOTICE OF SETTLEMENT. THIS CAUSE came before the Court upon notice, following the hearing held before Magistrate Judge Chris M. McAliley, that the Parties have settled this matter. THE PARTIES are hereby directed to file a copy of the settlement agreement with the Court no later than twenty (20) days from the date of this Order. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled only with approval of the Court or the Secretary of Labor. The Parties are reminded that the FLSA requires judicial review of the reasonableness of counsels legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. Silva v. Miller, 307 F. Appx 349, 351 (11th Cir. 2009). Thus, if the settlement agreement itself does not disclose the amount being paid to the Plaintiff, as well as attorneys fees, they should be separately indicated. The Parties should also include in their filing any information that they believe is relevant to determining the fairness of the fee. If the Parties intend to keep the settlement agreement confidential, they may file the settlement agreement as a sealed document. If the Court approves the settlement, the Court will enter a final order of dismissal with prejudice. The Clerk of Court is instructed to administratively CLOSE this case. All pending motions are DENIED AS MOOT. Signed by Chief Judge K. Michael Moore on 2/15/2018. (cce)

11. As part of the settlement agreement, the Defendants insisted upon keeping the terms

of the settlement agreement confidential, and the Plaintiffs agreed to same in order to resolve this matter.  According to DE 53, the Defendants elected to file the settlement agreement as a sealed document and the Plaintiffs take no position on same. The Settlement Agreement is being forwarded to the Court to review *in camera* so that the Court may review the terms for fairness.

### **MEMORANDUM OF LAW**

12. In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses.  The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn s Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Pursuant to *Lynn s Food,* the Court reviews the parties' Settlement Agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.  The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.,* 2007 U.S. Dist. LEXIS 10287 at \*2-3, (M.D. Fla. Jan. 8, 2007).

13. At all times material hereto, Plaintiffs and Defendants were represented by counsel experienced in the litigation of wage and hour claims. Both the terms and conditions of the Full Waiver of All Claims, General Release and Confidential Settlement Agreement and the settlement amount was the subject of arms-length negotiations. The settlement amount is based on information learned through the exchange of Court-ordered initial statements of claim, written discovery, as well as negotiations between counsel. The parties, therefore, respectfully submit that

the Agreement they have entered into represents reasonable compromise of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food.*

14. The parties agree that the lawsuit involves disputed issues, including whether or not Plaintiffs, as designated store managers, were even entitled to additional compensation under the FLSA.

16. The complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiffs and Defendants continue to disagree over the merits of the claims asserted by the Plaintiffs. If the parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses. Therefore, even if the Plaintiffs succeed on the merits of their claims, which would require substantial time and exercise of resources by both parties, the amount of their recovery is uncertain. Because of the nature of Defendants' defenses, the range of recovery in this matter is zero to full damages. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs. Based on the various issues in dispute and the uncertainty of the outcome of the Plaintiffs' claims, Plaintiffs agree that the amount they are receiving pursuant to this settlement represents reasonable compromise. In fact, based on the limited payroll and time records, Plaintiffs believe that their respective settlement amounts were fairly close to the full amount of unliquidated damages (i.e. unpaid overtime) they would have received had they prevailed on their claims. Plaintiffs agreed to forego liquidated (double) damages as a concession to resolve this matter.

16. The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the negotiated attorneys' fees. *See Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *6-7, (M.D. Fla. Dec. 21, 2006); *Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844, 849-50 (5th Cir. 1998). Here, the parties negotiated

the amount of attorneys' fees due to Plaintiffs' counsel separately from the negotiated settlement amounts to each respective Plaintiff.  Thus, the amount of attorneys' fees negotiated had no impact whatsoever on the Plaintiffs' respective settlement amounts.  In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague,* 505 U.S. 557, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Helms, supra,* at *5. Courts have held, however, that it is unnecessary to inquire into the reasonableness of the hourly rate charged by plaintiff's counsel where both parties stipulate as to the reasonableness of the attorneys' fees. *Id.,* at *12.   15.   Here, the parties stipulate that the amount allocated for attorneys' fees and costs is reasonable based on the amount of time actually spent by Plaintiffs' counsel in prosecuting and ultimately resolving these claims. As such, the parties submit that the amounts allocated to the Plaintiffs and Plaintiffs' counsel represent a fair resolution to this matter that should be deemed to pass judicial scrutiny under *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350 (11th Cir. 1982).

## CONCLUSION

Based upon the foregoing, the parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Accordingly, the parties request that the Court approve the parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated: March 28, 2018

Case No. 1:17-cv-22969-KMM

Respectfully submitted,

| | |
|---|---|
| s/ Daniel R. Levine | s/ John Cody German |
| Daniel R. Levine, Esq. (0057861) | John Cody German, Esq. |
| Email: *drl@pbl-law.com* | Florida Bar No.58654 |
| PADULA BENNARDO LEVINE LLP | Email: *Cody.german@csklegal.com* |
| 3837 NW Boca Raton Blvd., Suite 200 | Cole, Scott & Kissane, P.A. |
| Boca Raton, Florida  33431 | 9150 South Dadeland, Blvd., Suite 1400 |
| Telephone: (561) 544-8900 | Miami, Florida 33156 |
| Facsimile:  (561) 544-8999 | Telephone:   (305) 350-5300 |
| *Counsel for Plaintiffs* | Facsimile:    (305) 373-2294 |
| | *Counsel for Defendants* |
| Served via transmission of Notices of Electronic Filing generated by CM/ECF | Served via transmission of Notices of Electronic Filing generated by CM/ECF |